IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Benahdam Hurt, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17-cv-7909 |
| | ) | |
| vs. | ) | Hon. Rebecca Pallmeyer, |
| | ) | Presiding Judge |
| | ) | |
| James Corcoran, et al., | ) | Hon. Sheila Finnegan, |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**STATE DEFENDANTS' MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants James P. Corcoran, Illinois Department of Human Services, Hasina Javed, and Faizal Kareemi (collectively, the State Defendants), by their attorney, Lisa Madigan, Attorney General of Illinois, respectfully move to dismiss the Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The State Defendants state as follows in support of their Motion to Dismiss:

1. Plaintiff Benahdam Hurt (Plaintiff) is a former resident of Elgin Mental Health Center, where he was committed after being found Not Guilty by Reason of Insanity for Aggravated Battery on a Police Officer. (Dkt. 23 at 1.)

2. Plaintiff has filed an Amended Complaint alleging that he was subject to repeated sexual misconduct at the hands of Christy Lenhardt while at Elgin Mental Health Center. (Dkt. 23, ¶¶ 11-13.) Plaintiff has sued the State Defendants on the theory that they "supported and were complicit in the sexual abuse perpetrated for two and a half years by Lenhardt against Plaintiff." (Dkt. 23, ¶ 31.)

3. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) does

1

not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "A Court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King and Spaulding*, 467 U.S. 69, 73 (1984); s*ee also Conley v. Gibson,* 355 U.S. 41, 45-6 (1957). The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Chancey v. Suburban Bus Div. of Regional Transp. Authority*, 52 F. 3d 623, 626-7 (7th Cir. 1995).

   4. Plaintiff's Amended Complaint should be dismissed as to the State Defendants for three reasons: (1) all claims against the Department of Human Services are barred by the Eleventh Amendment, as are all claims against the State Defendants in their official capacities; (2) Plaintiff has failed to plead any non-conclusory facts demonstrating the State Defendants' personal involvement in any alleged constitutional deprivation or knowledge of any alleged constitutional deprivations; and (3) Plaintiff's claims brought under the Fourth Amendment, must be dismissed based upon Plaintiff's allegations as Plaintiff had been found Not Guilty By Reason of Insanity prior to the time of the alleged conduct.

   5. The State Defendants incorporate a memorandum of law in support of this motion to dismiss.

   WHEREFORE, Defendants James P. Corcoran, the Illinois Department of Human Services, Hasina Javed, and Faizal Kareemi pray that this Court enter an order dismissing Plaintiff's claims against them.

LISA MADIGAN
Attorney General of Illinois By: /s/ *Erin Walsh*
ERIN WALSH
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-6122
ewalsh@atg.state.il.us

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on September 19, 2018, she caused copies of the foregoing **State Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** to be served on all registered counsel via the Northern District of Illinois Electronic Filing System.

/s/ *Erin Walsh*
Erin Walsh