IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Benahdam Hurt, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17-cv-7909 |
| | ) | |
| vs. | ) | Hon. Rebecca Pallmeyer, |
| | ) | Presiding Judge |
| | ) | |
| James Corcoran, et al., | ) | Hon. Sheila Finnegan, |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF THE STATE DEFENDANTS'
<u>MOTION TO DISMISS</u>**

Defendants James P. Corcoran, Illinois Department of Human Services, Hasina Javed, and Faizal Kareemi (collectively, the State Defendants) by their attorney Lisa Madigan, Attorney General of Illinois, state as follows in support of their motion to dismiss.

**INTRODUCTION**

Plaintiff Benahdam Hurt spent approximately three years at Elgin Mental Health Center (Elgin) after being found Not Guilty by Reason of Insanity for Aggravated Battery on a Police Officer. (Dkt. 23 ¶ 1.) During that time, Christy Lenhardt, one of the social workers who had been responsible for administering Plaintiff's treatment plan while at Elgin, allegedly engaged in multiple acts of sexual misconduct with Plaintiff. (*Id*. ¶¶ 4-5, 11, 19.) Plaintiff contends that the State Defendants "supported and were complicit in the sexual abuse perpetrated for two and a half years by Lenhardt" based upon their purported failure to report, prevent, or discourage Lenhardt's actions. (*Id*. ¶ 30.) Plaintiff also appears to complain of the seizure of certain items of his personal property. (*Id*. ¶¶ 33-34.)

1

Plaintiff now brings two claims against the State Defendants for their purported acts and omissions related to Lenhardt's behavior: 1) a claim for excessive force, battery, and unlawful search and seizure in violation of both the Fourth and Fourteenth Amendments of the Constitution; and 2) a claim for unlawful search and seizure and false imprisonment in violation of the Fourth and Fourteenth Amendments. Plaintiff premises his claims against the State Defendants' on nondescript "incidents of obvious sightings of Plaintiff and Lenhardt in compromising situations, the mountain of documentary (especially electronically stored) evidence, and the frequently expressed suspicions of many staff at the Facility." (*Id*.) Plaintiff never alleges that any of the State Defendants witnessed any so-called "close call" situations, had access to any alleged documentary evidence, were informed of any suspicions by staff at Elgin, or participated in or ordered the removal of Plaintiff's electronic belongings from his room.

Plaintiff's Amended Complaint should be dismissed due to a slew of deficiencies. *First*, all claims against the Department of Human Services are barred by the Eleventh Amendment. Similarly, all claims against the State Defendants in their official capacity must be dismissed for the same reason. *Second*, Plaintiff has failed to plead any facts demonstrating the State Defendants' personal involvement in any alleged constitutional deprivation. Plaintiff's pleading inadequacies are further compounded by improper allegations that fails to delineate any individual defendant's conduct. *Third*, to the extent Plaintiff alleges any of the State Defendants' conduct violates his Fourth Amendment rights, that amendment is simply not in play given Plaintiff's allegations and his adjudication as Not Guilty by Reason of Insanity at the time of the alleged conduct.

**STANDARD**

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the non-moving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp.*, 550 U.S. at 570).

**ARGUMENT**

**I. PLAINTIFF'S CAUSES OF ACTION AGAINST THE DEPARTMENT OF HUMAN SERVICES ARE BARRED BY THE ELEVENTH AMENDMENT, AS ARE ALL CLAIMS AGAINST THE STATE DEFENDANTS IN THEIR OFFICIAL CAPACITIES.**

A suit against a state or one of its agencies is barred by the Eleventh Amendment except in very limited situations. Exceptions to Eleventh Amendment immunity are principally limited to those circumstances where a state consents to suit in federal court, Congress has abrogated a state's immunity pursuant to valid constitutional authority, or where a plaintiff files suit against state officials seeking prospective injunctive relief. *Indiana Protection & Advocacy Svcs. v. Indiana Family & Social Svcs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). Since the Department is a state agency entitled to Eleventh Amendment immunity, its refusal to consent to suit in federal court and the inapplicability of § 1983 to a state agency require the dismissal of all claims against it. *See, e.g., Weston v. Illinois Dept. of Human Services,* 433 Fed. Appx. 480, at *2 (7th

Cir. 2011); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Similarly, state officials cannot be sued in their official capacity for money damges in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

And while official-capacity suits for prospective injunctive or declaratory relief operate as an exception to Eleventh Amendment immunity, *Ex parte Young,* 209 U.S. 123, 159–60 (1908), a plaintiff must possess the requisite standing to sue for injunctive relief. No allegations establishing such standing are present.

A plaintiff lacks standing to sue unless he alleges an actual case or controversy. *City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 (1983); *see also Sierakowski v. Ryan,* 223 F.3d 440, 442–43 (7th Cir. 2000). This requires a plaintiff to show a personal stake in the outcome of the case by alleging direct injury that is real and immediate, not conjectural or hypothetical. *Lyons,* 461 U.S. at 101–102. But conjectural and hypothetical is all that Plaintiff's request for injunctive relief amounts to here.

As a mere throwaway, Plaintiff requests "Court-ordered equitable and injunctive relief from all contact or communication by the Defendants, including any further sexual advances, assaults or seductive communication from the Defendants." (Dkt. 23 at 23.) But Plaintiff never contends that the State Defendants assaulted Plaintiff, engaged in "seductive communication" with Plaintiff, or made sexual advances towards him, rendering this request for relief as to the State Defendants utterly baseless. Furthermore, Plaintiff was released from the Elgin Mental Health Facility in July of 2017, and the Amended Complaint contains no allegations suggesting he is likely to encounter any of the State Defendants in the future. (*Id.* ¶ 35.) Plaintiff's speculative and hypothetical request for injunctive relief must be dismissed, and his claims against the State Defendants in their official capacities with it.

4

## II. PLAINTIFF HAS FAILED TO ALLEGE THAT ANY OF THE INDIVIDUAL STATE DEFENDANTS WERE PERSONALLY INVOLVED IN OR AWARE OF THE UNDERLYING CONSTITUTIONAL DEPRIVATIONS.

For individual liability to attach under § 1983, a State actor must have personal involvement in the alleged constitutional deprivation. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). Without direct participation in the alleged deprivation, individual capacity claims must be based upon a supervisor either condoning or acquiescing in a subordinate's unconstitutional conduct. *Id*. at 834. There is no supervisory liability for the actions of subordinates in the absence of active facilitation, approval, or deliberate ignorance. *Backes v. Vill. of Peoria Heights*, 662 F.3d 866, 870 (7th Cir. 2011.) It is insufficient to allege that supervisors "are merely negligent in failing to detect and prevent subordinates' misconduct." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

As Plaintiff never contends that any of the State Defendants participated in any acts of sexual misconduct towards him, he must allege that the State Defendants knew about the supposed constitutional deprivations and facilitated, approved, or turned a blind eye to them. Yet Plaintiff fails to allege any facts that suggest the requisite subjective knowledge of Plaintiff's claimed constitutional deprivations.

The Amended Complaint is devoid of any allegation that the State Defendants knew of any sexual misconduct by Lenhardt during Plaintiff's stay at Elgin. Nowhere does Plaintiff allege that any of the State Defendants were informed of improper behavior between Plaintiff and Lenhardt, that they ever witnessed any impropriety between the two, or any other facts that tend to show the State Defendants' knowledge of Lenahrdt's conduct.

The closest Plaintiff inches to a showing of personal knowledge on the part of any defendant is his contention that Defendants Javed and Kareemi "pointedly voiced telltale observations and asked questions of the Plaintiff, which indicated that they must have suspected him and Lenhardt of sexual activity." (Dkt. 23, ¶ 27.) But, without any indication of either defendant's "telltale observations" or inquiries, Plaintiff's assertion that "they must have suspected him and Lenhardt of sexual activity" aspires to nothing more than speculation. Plaintiff's vague, conclusory allegations fail to put the State Defendants on notice of their alleged involvement or knowledge of any claimed constitutional deprivations. Plaintiff likewise fails to allege that any of the State Defendants were involved in—or even knew about—the confiscation of Plaintiff's personal property in early July.[1]

These pleading deficiencies are further compounded by Plaintiff's insistence upon lumping all defendants together throughout the Amended Complaint. Instead of apprising each individual defendant of his or her personal involvement in any alleged constitutional deprivation, Plaintiff continually complains of the acts and omissions of the defendants as a collective entity with no descriptions as to the personal conduct of each defendant. However, to state claim for individual liability under § 1983, legal conclusions must rest upon a plausible factual foundation that sufficiently puts each defendant on notice of what he or she may have done to violate plaintiff's rights. *Safari Childcare Inc. v. Penny*, No. 17 CV 8547, 2018 WL 4144637, *2 (N.D. Ill. Aug 30, 2018). Simply put, it is improper to treat defendants as "an undifferentiated mass rather than as individual defendants." *Id*. (dismissing complaint that failed to differentiate

---

[1] Plaintiff does allege that the State Defendants each falsified documents to falsely implicate Plaintiff as dangerously mentally ill and in continuing need of secure confinement, but this allegation, brought under the Fourth Amendment, must be dismissed for reasons explained below.

between DCFS defendants or allege which defendants "participated in which meetings, inspections, and administrative proceedings").

Because Plaintiff fails to specify the acts and omissions of each defendant, his Amended Complaint must be dismissed for failure to state a claim against any of the State Defendants.

### III. PLAINTIFF HAS FAILED TO STATE ANY VIABLE CLAIM UNDER THE FOURTH AMENDMENT.

According to Plaintiff's Amended Complaint, he was committed as being in need of mental health services on an in-patient basis following a finding that he was Not Guilty by Reason of Insanity on a charge of Aggravated Battery on a Police Officer. (Dkt. 23, ¶ 1.) Since there was a finding necessitating Plaintiff's commitment and necessitating in-patient mental health services before these alleged constitutional deprivations, the Fourth Amendment is not the proper vehicle for Plaintiff's § 1983 claims.

"The Fourth Amendment, made applicable to the States by the Fourteenth… provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated….'" *Soldal v. Cook County, Ill.*, 506 U.S. 56, 61 (1992).

While it is true that "[a] civil commitment is a seizure," for purposes of the Fourth Amendment, upon probable cause for commitment, the Fourth Amendment "falls away" and the due process clause supersedes. *See Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992); *Lopez v. City of Chicago,* 464 F.3d 711, 720 (7th Cir. 2006) (Fourth Amendment does not apply to postarraignment detention); *Edwards v. David*, 15 CV 9086, 2017 WL 2653077, *3 (N.D. Ill. June 20, 2017) (Fourth Amendment could be appealed to by those held prior to trial without a probable cause finding). Since Plaintiff had been previously found Not Guilty by Reason of

Insanity at the time of the allegations in his Amended Complaint, his seizure was complete and the Fourth Amendment has no bearing on his purported constitutional deprivations following such a finding.

Finally, to the extent Plaintiff complains of the confiscation of certain personal property while he was involuntarily committed, the Fourth Amendment's expectation of privacy is severely curtailed in an institutional setting. The Supreme Court has noted that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 528 (1984); *see Bramlett v. Big Muddy River Correctional Center*, No. 11-cv-97, 2011 WL 4916427, *8 (S.D. Ill. Oct. 17, 2011) (individual adjudicated as Sexually Dangerous Person had no Fourth Amendment right to privacy).

As such, Plaintiff's claims, having been brought under the Fourth Amendment, fail to state a claim in their entirety.

## CONCLUSION

WHEREFORE, the State Defendants respectfully pray that this Honorable Court enter an order dismissing all claims against them in Plaintiff's Amended Complaint.

LISA MADIGAN  BY:   */s/ Erin Walsh*
Illinois Attorney General

                                                ERIN WALSH
                                                Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-6122
ewalsh@atg.state.il.us

## **CERTIFICATE OF SERVICE**

   The undersigned, an attorney, hereby certifies that on September 19, 2018, she caused copies of the foregoing **Memorandum in Support of the State Defendants' Motion to Dismiss** to be served on all registered counsel via the Northern District of Illinois Electronic Filing System.

                  /s/ *Erin Walsh*
                  Erin Walsh