IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Benahdam Hurt, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17-cv-7909 |
| | ) | |
| vs. | ) | Hon. Rebecca Pallmeyer, |
| | ) | Presiding Judge |
| | ) | |
| James Corcoran, et al., | ) | Hon. Sheila Finnegan, |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**DEFENDANTS BECK, DELANEY, AND HOGAN'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants Andrew Beck, Colleen Delaney, and Diana Hogan, by their attorney, Lisa Madigan, Attorney General of Illinois, respectfully move to dismiss all claims against them in Plaintiff's Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants state as follows in support of their Motion to Dismiss:

1. Plaintiff Benahdam Hurt (Plaintiff) is a former resident of Elgin Mental Health Center, where he was committed after being found Not Guilty by Reason of Insanity for Aggravated Battery on a Police Officer. (Dkt. 39 at 2.)

2. On October 24, 2018, Plaintiff has filed a Second Amended Complaint alleging that he was subject to repeated sexual misconduct at the hands of Christy Lenhardt while at Elgin Mental Health Center. (Dkt. 39, ¶¶ 11-13.) In his Second Amended Complaint, Plaintiff alleges that Defendant Beck was "quite certain" that Plaintiff and Christy Lenhardt were involved in a sexual relationship. (Dkt. 39, ¶ 28.) Plaintiff alleges that Defendant Beck met with Defendants Delaney and Hogan, discussed Beck's suspicions, and collaborated to avoid any report of this sexual relationship. (*Id.*)

3.	Plaintiff sought leave to amend his complaint a third time, and filed his Third Amended Complaint, which changed the caption only, on December 8, 2018. (Dkt. 57.)

4.	A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "A Court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King and Spaulding*, 467 U.S. 69, 73 (1984); s*ee also Conley v. Gibson,* 355 U.S. 41, 45-6 (1957). The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Chancey v. Suburban Bus Div. of Regional Transp. Authority*, 52 F. 3d 623, 626-7 (7th Cir. 1995).

5.	Plaintiff's Third Amended Complaint should be dismissed as to Defendants Beck, Delaney, and Hogan since Plaintiff's claims are brought under the Fourth Amendment. As Plaintiff had been found Not Guilty By Reason of Insanity prior to the time of the alleged conduct, the Fourth Amendment is inapplicable. In addition, all official capacity claims against Defendants Beck, Delaney, and Hogan must be dismissed as barred by the Eleventh Amendment.

6.	Defendants Beck, Delaney, and Hogan adopt and incorporate the following sections from the Memorandum in Support of the State Defendants' Motion to Dismiss filed on November 19, 2018: Section I, as it pertains to official-capacity suits, and Section III. (Dkt. 49.)

WHEREFORE, Defendants Andrew Beck, Colleen Delaney, and Diana Hogan pray that this Court enter an order dismissing Plaintiff's claims against them.


LISA MADIGAN
Attorney General of Illinois         By:    /s/ *Erin Walsh*
                                                         ERIN WALSH
                                                         Assistant Attorney General
                                                         General Law Bureau
                                                         100 W. Randolph St., 13th Fl.
                                                         Chicago, Illinois 60601
                                                         (312) 814-6122
                                                         ewalsh@atg.state.il.us