**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BENAHDAM HURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 7909 |
| | ) | |
| HASINA JAVED, FAIZAL KAREEMI, | ) | |
| DREW BECK, and COLEEN DELANEY, | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, the court grants Defendants Motion to Certify Interlocutory Appeal [277].

## BACKGROUND

The court has detailed the facts of this case in multiple opinions and assumes the parties' familiarity with this case's background. *See, e.g.*, *Hurt v. Corcoran*, No. 17 C 7909, 2023 WL 6213685 (N.D. Ill. Sept. 25, 2023); *Hurt v. Javed*, No. 17 C 7909, 2024 WL 640849 (N.D. Ill. Feb. 15, 2024). To orient the reader, the court provides an abridged summary of the context for this motion.

On September 25, 2023, the court issued its ruling [245] on the parties' cross-motions for summary judgment [216, 220], denying Plaintiff's motion in its entirety and denying Defendants' motion in part. In reaching its determinations, the court applied a "modified deliberate indifference" standard to Plaintiff's failure-to-intervene claim. This standard, first articulated by the Seventh Circuit in *K.H. v. Morgan*, 914 F.2d 846, 853 (7th Cir. 1990) and since then consistently applied in the foster care context, required Plaintiff to show that Defendants had *actual knowledge or suspicion of a substantial risk* that he was being sexually abused and chose to ignore that risk. As neither party here had directly cited this line of cases in their summary judgment briefing, the court invited the parties to further brief the issue of what legal standard should apply to Plaintiff's failure-to-intervene claim. Defendants accepted the invitation and argued in a Motion for Reconsideration [254] filed on October 31, 2023, that the court's adoption of this standard was error. Defendants proposed alternatively that either the failure-to-intervene standard from *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994), or the traditional deliberate indifference standard outlined in *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976) and its progeny, should apply here. The court remained unpersuaded by Defendants' arguments [274]. While acknowledging ambiguity in the caselaw, the court reaffirmed its conclusion that the modified deliberate indifference standard was the most applicable standard to Plaintiff's claim.

Defendants now ask the court to certify this issue for interlocutory appeal to the Seventh Circuit pursuant to 28 U.S.C. § 1292(b) [277]. Specifically, Defendants seek certification of this question:

"Whether the deliberate indifference standard or modified deliberate indifference standard applies to a failure-to-intervene claim involving sexual abuse of an adult resident of a [state-run] mental health facility."

Specifically, this question concerns the subjective prong of the two standards. The subjective prong of the deliberate indifference standard is familiar to prison conditions litigation and requires that the defendant "actually knew of and disregarded a substantial risk of harm" facing the plaintiff. *E.g.*, *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Alternatively, the modified deliberate indifference standard "differs from the 'deliberate indifference' standard only in the sense that it can be satisfied by proof of a state actor's knowledge *or suspicion* of the risk of harm, rather than just knowledge. Both standards are subjective." *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 792 (7th Cir. 2003).

## DISCUSSION

A district court has discretion to certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) when there is "a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Seventh Circuit has outlined four criteria that must be met before a district court certifies an interlocutory order under § 1292(b): "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "Unless all these criteria are satisfied, the district court may not and should not certify its order to [the Seventh Circuit] . . . under section 1292(b)." *Id.*; *see also Kenosha Unified Sch. Dist. No. 1 Bd. of Educ. v. Whitaker*, 841 F.3d 730, 732 (7th Cir. 2016). The court finds that all four criteria are satisfied in this case.

The first criterion requires that the order for interlocutory appeal concerns a "question of law." *Ahrenholz*, 219 F.3d at 676. A " 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ." *In re Soc'y Ins. Co. COVID-19 Bus. Interruption Prot. Ins. Litig.*, No. 20 C 02005, 2021 WL 2433666, at *4 (N.D. Ill. June 15, 2021) (quoting *Ahrenholz*, 219 F.3d at 676). In other words, "question of law" carries a distinct meaning within the context of § 1292(b) and is narrower than its ordinary legal meaning, encompassing only issues that "the court of appeals could decide quickly and cleanly without having to study the record . . . ." *Ahrenholz*, 219 F.3d at 676–77 (stating that a "question of law" means an "abstract legal issue"). In this instance, the question presented for interlocutory appeal revolves around whether one constitutional standard (deliberate indifference) or another (modified deliberate indifference) applies to a general factual context (sexual abuse of an adult resident of a state-run mental health facility). The question does not require the court of appeals to go "hunting through the record compiled in the summary judgment proceeding," nor does it "seek to overturn any findings of fact." *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625–26 (7th Cir. 2010). Instead, its resolution primarily requires a review of the constitutional provisions and caselaw animating the parties' competing legal standards. Accordingly, the court finds the first criterion satisfied.

The second criterion requires that the question of law be "controlling." *Ahrenholz*, 219 F.3d at 675. A question is controlling under § 1292(b) "if its resolution is quite likely to affect the further course of litigation, even if not certain to do so." *Costello v. BeavEx, Inc.*, No. 12 C 7843, 2014 WL 12775669, at *2 (N.D. Ill. Dec. 1, 2014) (quoting *Sokaogon Gaming Enter. Corp. v. Tushie–Montgomery Assocs.*, Inc., 86 F.3d 656, 659 (7th Cir. 1996)). "[T]he application of a legal standard is a controlling question of law within the meaning of section 1292(b)." *In re Text*

*Messaging Antitrust Litig.*, 630 F.3d at 626 (collecting cases).  Here, whether a given defendant is ultimately found liable at trial may well turn on which of the two standards is applied to Plaintiff's claim.  For example, the evidence at trial might show that a defendant only *suspected*—and did not have *knowledge*—that there was a substantial risk that Plaintiff was being sexually abused.  If this were the case, the defendant would be liable under the modified deliberate indifference standard but not under the traditional deliberate indifference standard.  Thus, the second factor is easily satisfied.

The third criterion requires that the controlling question of law be "contestable."  *Ahrenholz*, 219 F.3d at 675.  "A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal."  *Costello*, 2014 WL 12775669, at *2 (citing *LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 5579006, at *6 (N.D. Ill. Nov. 23, 2009), and *Calvin v. Sheriff of Will Cnty.*, No. 03 C 3086, 2006 WL 1005141, at *3–4 (N.D. Ill. Apr. 14, 2006)).  "[Q]uestions of first impression . . . [are] certainly contestable."  *Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief and Dev.*, 291 F.3d 1000, 1007–08 (7th Cir. 2002).  As the court has now stressed across three orders, neither party has pointed to controlling Seventh Circuit precent, and the court's own research has not illuminated an answer that definitively settles the debate.  This lack of clarity in the caselaw has engendered a "substantial ground for difference of opinion," thereby satisfying the third factor of § 1292(b).

The final criterion requires that the interlocutory appeal have the potential to speed up the litigation.  *Ahrenholz*, 219 F.3d at 675.  The appeal need not promise to completely resolve the matter; it is sufficient that an interlocutory appeal would clarify the status of a claim to promote resolution of the matter.  *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) ("[A]ll that section 1292(b) requires as a precondition to an interlocutory appeal, once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of opinion, is that an immediate appeal may materially advance the ultimate termination of the litigation.").  The interlocutory appeal sought by Defendants has the potential to accelerate the conclusion of the case in several ways.  Firstly, determining the applicable legal standard would enable the parties to better evaluate their trial prospects, potentially fostering settlement discussions.  *See Nat. Res. Def. Couns. v. Illinois Power Res., LLC*, No. 113CV01181JBMTSH, 2016 WL 9650981, at *5 (C.D. Ill. Nov. 2, 2016) (finding that "confirmation of liability by the court of appeals could encourage settlement and compromise" and thus satisfy § 1292(b)'s requirement that the appeal materially advance the litigation).  Moreover, clarity on the liability standard would streamline trial arguments and minimize jury confusion.  Additionally, questions of law concerning the application of different legal standards are particularly suitable for immediate appeal as they mitigate the risk of a retrial in the event of an erroneous legal standard application.

It is not lost on this court that the mere "filing of a section 1292(b) petition tends to delay the litigation in the district court" as the appeals court processes the request.  *Ahrenholz*, 219 F.3d at 675. But § 1292(b) does not mandate that proceedings be stayed while the interlocutory appeal is processing.  *Id.*; 28 U.S.C. § 1292(b).  Thus, although the Court of Appeals' resolution of the governing standard in this case would be of great value in advancing this litigation, the court confirms that it is committed to proceeding to trial as set on November 6, 2024, regardless of the pace at which the appeal is heard.

**CONCLUSION**

For the foregoing reasons, the court grants the Defendants' Motion to Certify Interlocutory Appeal [277].

ENTER:

Dated:  April 25, 2024

REBECCA R. PALLMEYER
United States District Judge